UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:17-CV-80673-ROSENBERG/HOPKINS

HOPE HEALTH & WELLNESS, INC.,

     Plaintiff,

v.

AETNA HEALTH, INC.,

     Defendant.

_____/

## ORDER REMANDING CASE TO STATE COURT

**THIS CAUSE** is before the Court upon Plaintiff, Hope Health & Wellness, Inc.'s, Motion to Remand [DE 13] and Defendant, Aetna Health, Inc.'s, Motion to Dismiss Plaintiff's Complaint [DE 8]. The Court has carefully considered all relevant filings in this case. For the reasons set forth below, the case is REMANDED to the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida.

## I. BACKGROUND

Plaintiff filed its Complaint in the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida on April 17, 2017. DE 1-14 at 5–14. Plaintiff "provides chiropractic services to treat injuries and ailments, and to restore and preserve health through spinal manipulations, adjustments, and soft tissue therapies." Compl. ¶ 6, DE 1-14 at 6. Defendant issues and administers health insurance policies. *Id.* ¶ 2, DE 1-14 at 5. Plaintiff alleges that it provided out-of-network chiropractic services to Defendant's insureds after receiving verification that Defendant would pay for the services to be provided to each of Defendant's insureds. *Id.* ¶¶ 14–15, DE 1-14 at 7. Plaintiff states that Defendant never paid for the services it rendered to

Defendant's insureds between August, 2013 and December, 2015. *Id.* ¶¶ 18–19, DE 1-14 at 8. Plaintiff attached a 77-page "Chart of Unpaid Claims" to its Complaint, which provides the "policy numbers," date of service, and cost of service for which it is now seeking payment. DE 1-14 at 16–72; DE 1-15. Plaintiff's Complaint contains three counts for unjust enrichment, quantum meruit, and negligent misrepresentation.

Defendant removed this action by filing a Notice of Removal in federal court on May 26, 2017. *See* DE 1. In its Notice of Removal, Defendant asserts that there is federal jurisdiction based on complete preemption under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). DE 1 ¶ 3. Plaintiff filed its Motion to Remand [DE 13] this action to state court on June 28, 2017. Defendant filed its Response in Opposition to Plaintiff's Motion to Remand [DE 20] on July 12, 2017, and Plaintiff filed its Reply in Support of Plaintiff's Motion to Remand [22] on July 19, 2017.

Defendant filed a Motion to Dismiss Plaintiff's Complaint [DE 8] on June 9, 2017. Plaintiff filed its Response in Opposition to Defendant's Motion [DE 17] on July 8, 2017, and Defendant filed its Reply in Support of Motion to Dismiss Plaintiff's Complaint [DE 21] on July 17, 2017. For the reasons discussed below, the Motion to Remand is granted and the Motion to Dismiss is denied as moot.

## II.     JURISDICTIONAL ANALYSIS

Defendant argues that this Court has jurisdiction because Plaintiff's claims are completely preempted by ERISA and, thus, removal to federal court was proper. DE 20 at 8–14. Plaintiff counters that the requirements for ERISA preemption are not met and, therefore, there is no federal jurisdiction and the action must be remanded to state court. DE 13 at 13 at 8–13.

"Because removal jurisdiction raises significant federalism concerns, federal courts are

directed to construe removal statutes strictly." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)). "Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *Id.* (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)). "If the court determines *at any time* that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).

A.      **Complete ERISA Preemption**

Complete ERISA preemption confers exclusive federal jurisdiction over certain claims. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 204 (2004); *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1212 (11th Cir. 1999); *Alcalde v. Blue Cross & Blue Shield of Florida, Inc.*, 62 F. Supp. 3d 1360, 1364 (S.D. Fla. 2014).

It is unclear if all of the plans under which Plaintiff seeks payment are subject to ERISA. Plaintiff's "Chart of Unpaid Claims" has a column entitled "policy #." DE 1-14 at 16–72; DE 1-15. According to Defendant:

> it appears that the Plaintiff's Chart identifies 575-600 'policy' numbers. The policy numbers in Plaintiff's Chart seem to correlate to Aetna customer numbers, and are not necessarily health insurance policies issued by Aetna. For Removal purposes, Aetna was able to determine from just the first two pages of Plaintiff's Chart that at least five of the 'policy' numbers actually refer to self-funded ERISA plans . . . for which Aetna serves as a claims administrator.

DE 8 at 2. Because at least some of the plans identified in Plaintiff's chart are subject to ERISA, the Court may analyze whether there is complete ERISA preemption over Plaintiff's claims.

To determine whether complete ERISA preemption exists, the Court must examine "(1) whether the plaintiffs could ever have brought their claim under ERISA § 502(a) and (2) whether no other legal duty supports the plaintiffs' claim." *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011) (citing *Davila*, 542 U.S. at 210). "[A] state law cause of action is

completely preempted by § 502(a) only if both prongs of the test are met." *United Healthcare Servs., Inc. v. Sanctuary Surgical Ctr., Inc.*, 5 F. Supp. 3d 1350, 1356 (S.D. Fla. 2014) (citing *Montefiore Medical Ctr. v. Teamsters Local 272*, 642 F.3d 321 (2d Cir. 2011)).

The first prong of the test "entails two inquiries: first, whether the plaintiffs' claims fall within the scope of ERISA § 502(a), and second, whether ERISA grants the plaintiffs standing to bring suit." *Ehlen*, 660 F.3d at 1287 (citing *Connecticut State Dental Ass'n v. Anthem Health Plans*, Inc., 591 F.3d 1337, 1344 (11th Cir. 2009)). The Court concludes that ERISA preemption is not a basis for federal jurisdiction over this action, regardless of whether Plaintiff's claims fall within the scope of ERISA § 502(a) or whether any other legal duty supports Plaintiff' claims because Plaintiff lacks standing to bring suit.

Plaintiff's standing to bring suit arguably would be as a participant or a beneficiary, as these are persons empowered to bring a civil action to enforce ERISA. *See* 29 U.S.C. § 1132(a). Healthcare providers are generally not considered participants or beneficiaries under ERISA. *See Connecticut State Dental*, 591 F.3d at 1346 (citing *Hobbs v. Blue Cross Blue Shield of Alabama*, 276 F.3d 1236, 1241 (11th Cir. 2001)). However, "it is well-established in this and most other circuits that a healthcare provider may acquire derivative standing to sue under ERISA by obtaining a written assignment from a 'participant' or 'beneficiary' of his right to payment of medical benefits." *Id.* at 1347 (citing *Hobbs*, 276 F.3d at 1241). Therefore, a claim for benefits by a healthcare provider pursuant to an assignment is within the scope of ERISA. *Id.*; *see also Sheridan Healthcorp, Inc. v. Aetna Health Inc.*, 161 F. Supp. 3d 1238, 1246–47 (S.D. Fla. 2016).

"As the party seeking removal, [Defendant] ha[s] the burden of producing facts supporting the existence of federal subject matter jurisdiction by a preponderance of the evidence. Without proof of an assignment, the derivative standing doctrine does not apply."

4

*Hobbs*, 276 F.3d at 1242 (internal citations omitted). In *Connecticut State Dental*, the Eleventh Circuit found there was an assignment when the insurer produced claim forms submitted by the provider; the forms stated "'I hereby authorize payment of the dental benefits otherwise payable to me directly to the below named [provider].'" 591 F.3d at 1351.

Here, Defendant has not met his burden to produce sufficient facts showing a written assignment from a patient to Plaintiff. Defendant has produced claim forms submitted by Plaintiff which have various code numbers with the designation of "Assign A" at the bottom, an example of which is set forth below. *See* DE1-13.



Defendant also has produced an affidavit stating that "[t]he electronic claim submission by Plaintiff indicate at the end of each electronic submission that the Plaintiff submitted these claims pursuant to assignments received from its patients." DE 1-2 at 4. Defendant argues that "[i]t is only logical that Plaintiff, an out-of-network provider with no contractual relationship with Aetna, would submit claims directly to Aetna as an assignee because Plaintiff would have otherwise had no right to any payments from Aetna." DE 8 at5.

These claim forms and affidavit are insufficient to show "a written assignment from a 'participant' or 'beneficiary'" to the Plaintiff. *See Connecticut State Dental*, 591 F.3d at 1347 (citing *Hobbs*, 276 F.3d at 1241). The forms are not signed by the participants or beneficiaries. Unlike in *Connecticut State Dental*, the claim forms do not provide information showing that the

patient assigned payment, or anything else, to the Plaintiff. The forms simply contain various codes and the word "Assign A." *See Guerriere v. AETNA Health, Inc.*, No. 8:08-cv-1139-JDW-TBM, 2008 WL 11336347, at \*3 (M.D. Fla. July 31, 2008) ("Whatever the form relied on by Aetna purports to be, suffice it to say that it is not signed by [the patient] and from this record, it cannot be determined whether an assignment by [the patient] even exists."). Without sufficient evidence to show assignment, the derivative standing doctrine does not apply and, therefore, there is not complete ERISA preemption. Removal on the basis of federal question jurisdiction, thus, is improper.

**B.      Diversity of Citizenship**

Defendant has not asserted that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. Nevertheless, the Court notes that there is no diversity of citizenship between the parties. Plaintiff alleges in its Complaint that it is a Florida corporation and that Defendant is a Florida corporation. *See* Compl. ¶¶ 1–2, DE 1-14 at 5. Therefore, this Court does not have jurisdiction pursuant to 28 U.S.C. § 1332.

**III.      CONCLUSION**

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED**:

1.  Plaintiff's Motion to Remand [DE 13] is **GRANTED.**

**2.**  Defendant's Motion to Dismiss [DE 8] is **DENIED AS MOOT.**

3.  This case is **REMANDED** to the <u>Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida</u>.

4. The Clerk of Court is instructed to **CLOSE THIS CASE**.

**DONE AND ORDERED** in Chambers in Fort Pierce, Florida this 12th day of October, 2017.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: All counsel of record via CM/ECF